ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
REGAN WOOD d/b/a REGAN WOOD
PHOTOGRAPHY,

          *Plaintiff*,

    -against-

OBSERVER HOLDINGS LLC, ACB ASSOCIATES,
L.P., THE NEW YORK OBSERVER, LLC, *and*
OBSERVER MEDIA DIGITAL, LLC,

          *Defendants*.
------------------------------------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/21

Index No.: 1:20-cv-07878 (LLS)

LLS

## STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER

    WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds that good cause exists for the issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

    1.    With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order (collectively, "Confidential Discovery Material"), no person subject to this Order may disclose any so-designated Discovery Material to anyone else except as expressly permitted hereunder.

    2.    The person producing any given Discovery Material may designate as "CONFIDENTIAL" only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

1

a) previously non-disclosed financial information;

b) trade secrets or other previously non-disclosed, proprietary business information;

c) competitively sensitive information;

d) any information of a personal or intimate nature regarding any individual; or

e) any other category of information given "CONFIDENTIAL" status by the Court after the date of this Order.

3. The person producing any given Discovery Material may designate as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only such portion of such material qualifies as "CONFIDENTIAL," according to the definition above, and further consists of information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to the opposing party would create a substantial risk of serious harm to the designating party (including but not limited to harm of a competitive or commercial nature) that could not be avoided by less restrictive means.

4. With respect to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by: (a) stamping or otherwise clearly marking as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or exhibits that are to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit in their possession or under their control as directed by the producing party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated "CONFIDENTIAL."

6. If at any time before the termination of this action a producing party realizes that it should have designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" some portion(s) of Discovery Material that it previously produced without a confidentiality designation, the producing party may so designate such material by notifying all parties in writing. Thereafter, all persons subject to this Order will

treat such designated portion(s) of the Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be. In addition, the producing party shall provide each other party with replacement versions of such Discovery Material that bears the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation within two business days of providing such notice.

7. Nothing contained in this Order will be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as "CONFIDENTIAL," other persons subject to this Order may disclose such information only to the following persons:

   a) the Parties to this action, their insurers, and counsel to their insurers;

   b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

   c) outside vendors or service providers (such as copy-service providers and document-management consultants, or other litigation support service providers) that counsel hire and assign to this matter;

   d) any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto;

   e) any person a party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy in the normal course of business;

   g) stenographers engaged to transcribe depositions the parties conduct in this action; and

   h) this Court, including any appellate court, its support personnel, and court reporters.

9. Where a Producing Party has designated Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," other persons subject to this Order may disclose such information only to the following persons:

   a) outside litigation counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and

assigns to this matter;

b) outside vendors or service providers (such as copy-service providers and document-management consultants, or other litigation support service providers) that counsel hire and assign to this matter;

c) any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

d) any person a party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy in the normal course of business;

f) stenographers engaged to transcribe depositions the parties conduct in this action; and

g) this Court, including any appellate court, its support personnel, and court reporters.

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(e), 9(c), or 9(d) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. This Order binds the Parties and certain others to treat as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

12. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

4

13. Each person who has access to Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. This Order shall survive the termination of the litigation and shall continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed. Within thirty (30) days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be promptly returned to the producing person, or, upon the permission of the producing persons, destroyed.

15. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED** this 8th day of December 2021.

Louis L. Stanton
Honorable Louis L. Stanton
United States District Judge

5

Dated: December 7, 2021
New York, New York

Respectfully submitted,

| | |
|---|---|
| **LEICHTMAN LAW PLLC** | **GARSON, SEGAL, STEINMETZ, FLADGATE LLP** |
| By: */s/ David Leichtman* | By: */s/ Kevin Kehrli* |
| David Leichtman | Robert Garson |
| Tatsuya Adachi | Kevin Kehrli |
| 228 East 45th Street, Suite 605 | 164 West 25th Street, Suite 11R |
| New York, New York 10017 | New York, New York 10001 |
| Tel: (212) 419-5210 | Tel: (202) 344-4000 |
| dleichtman@leichtmanlaw.com | rg@gs2law.com |
| tadachi@leichtmanlaw.com | kk@gs2law.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

## Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
REGAN WOOD d/b/a REGAN WOOD
PHOTOGRAPHY,

          *Plaintiff*,

   -against-                                 Index No.: 1:20-cv-07878 (LLS)

OBSERVER HOLDINGS LLC, ACB ASSOCIATES,
L.P., THE NEW YORK OBSERVER, LLC, *and*
OBSERVER MEDIA DIGITAL, LLC,

          *Defendants.*
-----------------------------------------------------------------x

### NON-DISCLOSURE AGREEMENT

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                                    _____
                                                                    Name:
                                                                    Date: